UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

————————————————

In re:

NICHOLE MORGAN,                                    Case No. DT 13-05825
                                                   Chapter 7
                                                   Hon. Scott W. Dales

             Debtor.
_____/


<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge


## I.  INTRODUCTION

This opinion resolves a clash between the chapter 7 trustee and the debtor about whether the trustee's settlement with the debtor's ex-husband improperly affected the debtor's exemption rights.  The trustee, Jeff A. Moyer, contends that when the court granted the Trustee's Motion for Authority to Compromise and Settle Demand for Turnover to William R. Morgan (the "Settlement Motion," ECF No. 30), it appropriately set the value of the exemption at issue in an amount lower than the amount the debtor claimed on Amended Schedule C.  The debtor contends, in contrast, that the trustee cannot establish the value of her unchallenged exemptions by settling with her ex-husband because no one timely objected to her exemption claim.

The controversy arose in response to the trustee's Motion to Approve Sale of Real Property on Notice and Opportunity to Object Basis (the "Sale Motion," ECF No. 38).  The court held a hearing to consider the Sale Motion, and the objection, on November 10, 2015, in Grand Rapids, Michigan.  After listening to oral arguments, the court took the matter under advisement.

## II.  JURISDICTION AND AUTHORITY

The United States District Court has jurisdiction over the chapter 7 bankruptcy case of Nichole Morgan (the "Debtor") pursuant to 28 U.S.C. § 1334(a), and has referred the case to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a).  Approval of the sale of bankruptcy estate property clearly falls within the bankruptcy court's core authority under 28 U.S.C. § 157(b)(2)(M).  Similarly, the court has ample authority to resolve disputes about exemptions claimed in property of the estate.  *Id*. § 157(b)(2)(B).

## III.  ANALYSIS

Before filing her chapter 7 bankruptcy petition, the Debtor had rights against her ex-husband, William R. Morgan, under the parties' judgment of divorce (the "Divorce Judgment"), which she valued in her Amended Schedules B and C at $38,000.00.  In addition, as of the petition date, she and Mr. Morgan jointly owned certain real estate in Paris, Michigan (the "Property").  When she filed her voluntary petition for relief in this court, her interest in the Divorce Judgment and the Property were automatically included within the property of her bankruptcy estate, subject to administration by her bankruptcy trustee, presently Jeff A. Moyer (the "Trustee").[1]  *See* 11 U.S.C. §§ 541 (property of the estate) and 704(a) (statutory duty of trustee to administer estate property).

The Debtor properly exempted her interest in the Divorce Judgment to the extent of $8,260.00 using her "wildcard" or "spillover" exemption.  *See* Amended Schedule C (ECF No. 13) and 11 U.S.C. § 522(d)(5)(wildcard exemption).  No one challenged her exemption claim within the thirty-day period for objecting, or otherwise.  Fed. R. Bankr. P. 4003(b) (deadline for objecting to exemptions).

---

[1] The United States Trustee appointed Mr. Moyer as successor trustee when the original trustee, James W. Boyd, resigned shortly before his appointment as a judge of this court.

As the representative of the estate, and the person charged with administering estate property, the Trustee demanded payment from the Debtor's ex-husband, and proposed to sell the estate's interest in the Property, along with his joint interest, in order to maximize value for all concerned. The Debtor's ex-husband balked, and conditioned his cooperation on the estate's releasing him from his property settlement obligations under the Divorce Judgment. Ultimately, the Trustee and the ex-husband reached a settlement.

With respect to the Property, the Trustee and the ex-husband agreed that the Trustee could list and sell the Property, with court approval, and the parties would share the proceeds (after paying sale expenses and taxes), provided the estate received the higher of $30,000.00 or 60% of the net proceeds. *See* Settlement Motion at ¶ 11. With respect to the Divorce Judgment, the negotiated settlement included the following key term:

> One Thousand Eight Hundred Dollars ($1,800.00) of the sale proceeds paid to the Estate will be applied to the Divorce Judgment and said Judgment will be considered fully satisfied upon receipt by the Estate of its portion of the sale proceeds.

*See* Settlement Motion at ¶ 16. The Trustee served the Settlement Motion on the Debtor, her counsel, and other interested parties using the "notice and opportunity to object" procedure prescribed in LBR 9013(c). Without objection from the Debtor or any other entity, the court approved the settlement in an order entered on June 20, 2015 (the "Settlement Order," ECF No 33).

Having secured the cooperation of the Debtor's ex-husband, the Trustee proceeded to market the Property, retaining a realtor and ultimately accepting an offer from Chad Comstock for $51,000.00. As set forth in the Sale Motion, the Trustee proposes to retain $30,000.00 for the bankruptcy estate, after paying real estate taxes, closing costs, a realtor's commission, and $12,781.10 to the ex-husband for his share under the settlement.

The Debtor, who did not object to the *Settlement* Motion, objected to the *Sale* Motion, although not to the sale. She argues that she "never consented to receive $1800" on account of her $8,260.00 exemption claim to the Divorce Judgment, and that there was "never an objection to Debtor's October 2, 2013 [sic], Amended schedule C exempting $8260.00 of monies owed to the Debtor from the Judgment of Divorce." *See* Objection to Trustee's Motion to Approve Sale of Real Property (ECF No. 41) at ¶ 8.

Although the parties disagree about the impact of the Trustee's settlement of the estate's claims against the Debtor's ex-husband under the Divorce Judgment, the most natural construction of the settlement agreement -- and the one the court adopts -- is that the Trustee and the ex-husband, through negotiation, established the value of the estate's interest in the Divorce Judgment at $1,800.00. This allocation of value takes into account the ex-husband's own financial difficulties, and the fact that his unsecured debt to the estate is not payable until February 1, 2018.

If the Debtor had any qualms about setting the value of the Divorce Judgment at this discounted amount, she ought to have objected to the Settlement Motion. Had she done so at that time, the court could have then considered her evidence or argument on the question of value. Even now, the Debtor offers nothing in the way of argument or evidence that the Trustee (and the court) undervalued the estate's interest in the Divorce Judgment. Instead, she presents an argument, without citing the obvious Supreme Court authority,[2] that the Trustee is impermissibly undermining the thirty-day objection deadline under Rule 4003(b). This challenge, however, misperceives the impact of the settlement. Instead of contradicting the exemption claim, the Settlement Motion simply established the value of the estate's interest in

---

[2] *Taylor v. Freeland & Kronz*, 112 S. Ct. 1644 (1992).

the Divorce Judgment, indirectly capping the value available to support her exemption at $1,800.00.

At oral argument, Debtor's counsel also contended that the Divorce Judgment, or at least the amount the Debtor claimed as exempt, was removed from the estate upon the expiration of the thirty-day period prescribed in Rule 4003(b). The court rejects the argument for at least two reasons. First, if the Debtor believed that her interest in the Divorce Judgment had been removed from the estate before the Trustee entered into the settlement, she should have challenged the Trustee's authority to compromise the claim by timely objecting to the Settlement Motion. As noted above, she did not object.

Second, the argument assumes, incorrectly, that an unchallenged exemption removes the exempted property from the estate. If property leaves the estate thirty days after a debtor claims the exemption (without objection), the Supreme Court would not have approved the trustee's § 363 sale of the exempt kitchen equipment in *Schwab v. Reilly*, 130 S. Ct. 2652 (2010): with exceptions not relevant here,[3] a bankruptcy trustee is authorized to sell only property of the estate. *See* 11 U.S.C. § 363(b).[4] In *Schwab,* the trustee sold the property which the debtor claimed as exempt and remitted her share of the sale proceeds in satisfaction of her exemption claim. The high court agreed with the trustee that his administration of the exempt property was appropriate.

---

[3] *See* 11 U.S.C. § 363(h).

[4] The Supreme Court's conception of exempt property in *Schwab* is admittedly in tension with its earlier statement in *Freeland & Kronz* that an exemption removes property from the estate, but the court adopts the *Schwab* view as more recent and more consistent with the Bankruptcy Code's statutory framework.

Moreover, treating exempt property as removed from the estate upon the expiration of the thirty-day objection period under Rule 4003(b), when coupled with the freedom a debtor enjoys to amend exemptions[5] and the absence of any statutory mechanism for restoring exempt property to the estate, is inconsistent with the orderly liquidation that the Bankruptcy Code contemplates.[6] Instead of removing exempt property from the estate, § 522 simply lists the types of debts that exempt property may or may not be used to satisfy.  *See* 11 U.S.C. § 522(c) and (k).  To ensure an orderly liquidation, exempt property is removed from the estate either through court-approved transfer or abandonment.  *See, e.g.,* 11 U.S.C. §§ 363, 725 and 554.  To specify that property listed on Schedule C without objection "is exempt," as § 522(*l*) does, means only that the debtor, in the absence of timely objection, determines what property will be exempt; § 522(*l*) does not specify the treatment or use of exempt property, leaving these issues for other statutory provisions.  *See* 11 U.S.C. § 522(c) and (k).  So, for example, when a trustee sells most types of exemptible property, the trustee will use the proceeds (or other estate property) to satisfy the exemption claim by paying the value of the exemption.  There are very few "in kind" exemptions under § 522(d),[7] and the wildcard exemption at issue in this case is certainly not of that ilk.

The value of a debtor's exemption in property is necessarily limited by the value of the property that gives rise to the exemption right because § 522 generally pegs exemption rights to

---

[5] A debtor may amend her schedules, including Schedule C, "as a matter of course at any time before the case is closed."  *See* Fed. R. Bankr. P. 1009(a); *Ellmann v. Baker (In re Baker)*, 791 F.3d 677, 682 (6th Cir. 2015) (citing *Law v. Siegel*, 134 S. Ct. 1188 (2014), for the proposition that "bankruptcy courts do not have 'discretion to grant or withhold exemptions based on whatever considerations they deem appropriate'").

[6] The Bankruptcy Code, for example, expressly provides for restoration to the estate of *unauthorized* post-petition transfers that a trustee recovers, but not *authorized* post-petition transfers from the estate if a debtor changes her mind.  *See* 11 U.S.C. §§ 541(a)(3), 549 and 550.  On the Debtor's theory, the removal of property of the estate that supposedly occurs by way of exemption would be an authorized post-petition transfer, which (inexplicably and automatically) would be reversed upon the shifting of an exemption claim.  A trustee's orderly liquidation of assets, already difficult given the liberal amendment of exemptions under Rule 1009, would be impossible if property ebbed and flowed in and out of the estate in the manner that the Debtor's argument implies.

[7] *See, e.g.,* 11 U.S.C. § 522(d)(9)(in kind exemption for "professionally prescribed health aid").

"the debtor's aggregate interest" in property, and then sets a maximum representative value. *See*, *e.g.*, 11 U.S.C. § 522(d)(5). The value of a debtor's "aggregate interest in property" obviously cannot exceed the value of the property.

Consequently, unless and until the Debtor again amends Schedule C, her exemption claim in the Divorce Judgment stands, and will be limited to $1,800.00 -- the value of her "aggregate interest" as established in the court-approved settlement.

## IV.  CONCLUSION

On the merits of the Sale Motion, the Debtor has raised no persuasive challenge and the court perceives no deficiency in the terms of sale transaction that the Trustee has proposed. Accordingly, the court will grant the Sale Motion, over the Debtor's objection.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Sale Motion is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Nichole Morgan, Sean L. Campbell, Esq., Jeff A. Moyer, Chapter 7 Trustee, William R. Morgan, and all parties requesting notice.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 16, 2015**



_____
Scott W. Dales
United States Bankruptcy Judge